Tilghman C. J.
The question in this case is, whether the deed, which was excepted to by the plaintiff in error, was properly admitted in evidence by the Court of Common Pleas. The original deed was not produced, but a copy certified by the recorder of Huntingdon county. The trial was in Bedford county, and two objections are made to the evidence.
1. That the act of 1715, under which this deed was recorded, requires the oaths of at least two of the subscribing witnesses, whereas the probate was only by the oath of one.
2. That a copy of the record certified by the recorder of Huntingdon county, is not evidence on a trial for land lying in Bedford county, although the deed contained a conveyance of lands which lie both in the counties of Huntingdon and Bedford.
My opinion will be confined to the first objection. There are two modes of proving a deed, one according to the common law, the other according to the act of assembly. It is the latter which falls under our consideration. The act of 1715 establishes an office for recording of deeds in each county, and the second section , declares, that all bargains and sales, deeds and conveyances of lands, may be recorded *191 in the said office ; “ but before the same shall be so recorded, the parties concerned shall procure the grantor or bargainor named in every such deed, or else ¿wo or more of the witnesses who were present at the execution thereof to come before'one of the justices of the peace of the proper county or city where the lands lie, who is hereby empowered to take such acknowledgment of the grantor if one, or of one of the grantors if more; but in case the grantor be dead, or cannot appear, then the witnesses brought before such justice, shall be by him examined upon oath or affirmation, to prove the execution of the deed.” The justice is to certify such acknowledgment or proof on the back of the deed, and such certificate is an authority to the recorder to enter it on the record. The fourth *section directs that deeds made out of the province, may be proved by the oath of one witness. The fifth section enacts that copies, or exemplifications of deeds so enrolled, being certified by the recorder, shall be as good evidence as the originals would have been if produced. The objection in this case is a captious one, which I should be very glad to get over. But the words of the act are too strong, and its intention too plain to be misunderstood. Before the deed is recorded, it must be proved by at least two witnesses. To say then that it may be recorded on proof by one witness, is to contradict the law. If a deed is recorded without the authority of law, a copy of the record is no evidence. This is too evident to admit of doubt. But the counsel for the defendant in error contends, that this deed was proved by two witnesses, because it was proved directly by one of the subscribing witnesses, and by inference by another witness who subscribed the schedule indorsed on the back of the deed ; that is to say, that proof of the schedule amounts to proof of the deed, because the schedule has reference to the deed. I do not think that proof of the schedule can be said to be proof of the deed, because it does not appear that the witness to the schedule ever saw the deed. Now the act directs the proof to be by two witnesses who were present at the execution of the deed. The deed and the schedule are different writings, and the execution of one cannot be said to be the execution of the other. This argumentative kind of proof is not what is required. There were two subscribing witnesses to the deed, and they ought to have joined in the proof of it. I am extremely sorry to reverse a judgment on such an exception, but it cannot be avoided. The legislature have become sensible that insisting on the proof by two witnesses was an unnecessary strictness, productive of more harm than good. Accordingly the *192 act of 1775, provides, that in case of deeds made thereafter, proof by one of the subscribing witnesses shall be sufficient. But there is nothing in that act which remedies the defect of proof in the deed now before us. I am of opinion that the judgment should be reversed and a venire facias de novo awarded.
Yeates J.
The matters assigned for error in this case depend on the true meaning of the act of assembly for the 'x"rec01’ding of deeds, piassed in 1715 ; 1 Dal. St. Laws 109. At common law, unless in the case of ancient deeds where possession accompanied the alienation, conveyances could only be ptroved by the oath of a subscribing witness viva voce in open court. This was found in practice to be inconvenient, and a different mode of proof was substituted, to which all persons must conform who would take the benefit thereof. The law, after directing that an office of record shall be kept in each county of the state, and that all conveyances of lands may be recorded therein, expressly declares in section second, that “ before the same shall be so recorded, the parties concerned shall procure the grantors or bargainors named in every such deed, or else two or more of the witnesses (who were present at the execution thereof,) to come before one of the justices of the peace of the proper county or city, where the lands lie,” who was thereby impowered to take such acknowledgment.
The third section proceeds thus: “ But in case the grantor be dead, or cannot appear, then the witnesses brought before such justice shall by him be examined upon oath or affirmation, to prove the execution of the deed then produced: "Whereupon the same justice shall certify, &c.”
It is impossible to mistake the meaning of these words; and the fourth section, declaring that deeds made out of the province may be proved by the oath or solemn affirmation of one or more of the witnesses thereunto, shows the system which was meditated, and the marked distinction between deeds executed within and without the then province. The force and effect of deeds and conveyances made or to be made, and proved or acknowledged, and recorded as aforesaid., are declared by section fifth, and the exemplification of all deeds so enrolled is declared to be good evidence. The act of 18th March 1775 (1 St. Laws 703) alters the mode of acknowledgment and proof as to all deeds made within the province, after the publication thereof; they may be acknowledged by one of the grantors or bargainors, or proved by one or more of the subscribing witnesses; but the operation of *193 the act of 1715 remains as to deeds executed prior to 18th March 1775.
If the deed was placed on the records of Huntingdon county without the proof required by law, the *exemplification thereof could be received in evidence neither in Huntingdon nor Bedford counties. To make it efficient proof within the act, the statutable mode of proof must have been pursued. This subject was fully considered in Heister’s Lessee v. Fortner, 2 Binn. 44. It is true, if the original deed was lost or destroyed, a sworn copy might be admitted from the necessity of the case; but no such grounds were laid before the court in the present instance.
Here then a deed was executed in the presence of two subscribing witnesses, but proved by one of the subscribing witnesses only, to entitle it to be put on record. The proof of the execution of the schedule was equally defective, and went merely to the execution of that instrument which was indorsed on that deed. If the act of the recorder in enrolling both instruments in Huntingdon county, did not supersede the provisions of the act of 1715 so as to render the trans-script legitimate evidence in that county, it certainly could not be received on a trial of the title of land in Bedford county. The plaintiff' in error has a right to avail himself of the technical error committed in this case, and the judges have sealed a bill of exceptions, upon which this Court is bound to pronounce their opinions, according to the plain intention of the act of assembly.
I concur in reversing the judgment of the Court of Common Pleas, and awarding a uew trial.
Brackenmdge J.
The deed in question, George Croghan to Robert Callender, dated 31st August 1763, comes under the act of 1715, as to acknowledgment, proof, and recording. By that act, the acknowledgment or proof was to be “ before one of the justices of the peace of the proper county or city where the lands lie.” This deed was proved before a judge of the Supreme Court on the 30th of December 1766. A judge of the Supreme Court, under the provincial government, was a justice of the peace in every county; and would seem to have been considered as entitled to take the probate of a deed for lands in any county even before the act of 1775, by which the power was taken from a justice of the peace, and given to “a judge of the Common Pleas of the county where the land lay, or to a judge of the Supreme "■Court.” Probate before a judge of the Supreme Court, it is contended, induces a presumption that the deed *194 was made out of the province, and in that case proof by one witness would suffice. But conceding that such presumption is not warranted, it is alleged that the deed in question was in fact proved by two witnesses. There is an endorsement on the deed containing a schedule of the property therein conveyed, and which is proved by another witness. It would seem to me that the signing the endorsement and schedule referring to the deed within, may be considered a re-execution of the deed, and amount to the same thing as an acknowledgment of the original execution; and the attesting this last, as going to the whole. It is not necessary that the subscribing witnesses attest at the same time. The grantor may acknowledge the writing to be his act and deed before one to-day and another to-morrow; and yet both may be subscribing witnesses to the execution of the deed. I would take the signing the endorsement to be an acknowledgment of the execution of the deed referred to, and the attestation of the witness to that acknowledgment as going to the same extent with the acknowledgment itself.
But the act provides that it shall be recorded in the county in which the land lies; and the lands in this deed lie in different counties. Must it be recorded in every county where any of the lands lie? Eor the purpose of notice to a purchaser, it cannot be doubted but that such recording must be necessary. But for the purpose of being evidence, I would incline to think that the exemplification from any county might suffice. It carries evidence with it that it has been proved before it could have been put upon the recoi'd; and the recording in more counties could not augment the evidence. Ad vana lex neminem cogit.
But on notice given to produce the originals, can recorded copies be given in any case until the non-production is accounted for? It is not stated in this ease that notice had been given; and it would be taking the plaintiff by surprise to insist upon it. It would seem to me, that the excluding the recorded copies under these circumstances, would be a strictness not convenient to be carried into effect, with regard to a literal compliance with the terms of every statute, taking *into consideration the defects in point of form that have, with regard to many of our statutory provisions, taken place.
Judgment reversed.
[Cited in 2 W. 79.]